**SANDEFER OIL & GAS, INC., and Sohio Petroleum Co., Plaintiffs–Appellants,**

v.

**Deanne Lounsberry DUHON, and Freddie Paul Lounsberry, Defendants–Appellees.**

**No. 88–4555.**

United States Court of Appeals, Fifth Circuit.

April 28, 1989.

George W. Hardy, III, Herman E. Garner, Lafayette, La., for plaintiffs-appellants.

Clifton O. Bingham, Jr., Rudolph Estess, Jr., Baton Rouge, La., for defendants-appellees.

Before GARZA, JOLLY and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this case we consider whether the district court abused its discretion in declining to exercise jurisdiction under the Declaratory Judgment Act over a complaint seeking a declaration of rights under a disputed portion of an oil, gas and mineral lease. Finding that the court did abuse its discretion, we reverse its dismissal of that complaint and remand for further proceedings.

I

On January 31, 1985, Deanne Lounsberry Duhon and Freddie Paul Lounsberry as

lessors ("Lessors") executed an oil, gas and mineral lease in favor of Allen, Fisher, Kirmse & Allen, Ltd. ("Allen"), as lessee. Allen was an oil and gas lease broker, acting as an agent for Sandefer Oil & Gas, Inc. ("Sandefer"), and subsequently assigned to Sandefer all right, title and interest in the lease. Sandefer later assigned to Sohio Petroleum Company ("Sohio") an undivided interest in the lease.

The primary term of the lease expired on January 31, 1988, and a dispute arose as to whether certain portions of the lease had been maintained beyond the primary term of the lease. Sandefer and Sohio filed this suit for declaratory judgment on February 22, 1988 in federal district court.

On April 14, 1988 the Lessors filed a Petition for Partial Cancellation of Oil, Gas and Mineral lease against Allen, Sandefer and Sohio in Louisiana state court. On April 15, 1988, they then moved to dismiss the previously filed declaratory judgment action, alleging, first, that Allen, a Louisiana corporation, was an indispensable party plaintiff to the suit for declaratory relief and its naming as a party would defeat the district court's diversity jurisdiction; and second, if Allen were not an indispensable party, the district court should exercise its discretion under 28 U.S.C. § 2201 to decline to hear Sandefer's and Sohio's suit because the pending nonremovable state court action, in which Allen was a party, would settle all the issues between all the parties.

On July 6, 1988, the district court granted the Lessors' Motion to Dismiss Sandefer's and Sohio's declaratory judgment suit. In pertinent part the court's order reasoned as follows:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a delaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. *See Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173 [86 L.Ed. 1620]. Furthermore, where a contemporaneous state proceeding will resolve expeditiously all issues in controversy, a federal district . court

should defer to the state court proceeding by declining to exercise jurisdiction under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201 *et seq.* and Fed.R. Civ.P. 67.

> This Court should abstain from hearing plaintiffs' declaratory judgment suit, because there exists a similar state court action wherein all the issues raised in this suit can be fully and more appropriately litigated. Furthermore, there exists no compelling federal interest to be resolved. In addition, the federal declaratory judgment action is not too far advanced and the lessee will not face the danger of potentially conflicting obligations. *See Transamerica Occidental Life Ins. v. Digregorio*, 811 F.2d 1249.

Sandefer and Sohio filed their notice of appeal to this court from that order on the same day.

On October 20, 1988, the state court ruled on exceptions Allen, Sandefer and Sohio had since filed to the state court suit, alleging that that suit was premature as to Allen and Sohio because the Lessors made no demand on either party for a release, and alleging that, as to Sandefer, the existence of the federal suit precluded any further proceedings in state court. The state court sustained Allen's exception of prematurity, denied Sohio's exception of prematurity, and sustained Sandefer's exception of pendency of another action. It stayed all further proceedings in the state court case against any party until dissolution of the stay, or until final judgment is rendered in the previously filed federal court action.

## II

On appeal, Sandefer and Sohio urge that the district court had diversity jurisdiction over their declaratory judgment action and erred in refusing to hear it, because, under *Colorado River* and *Moses Cone*, the Lessors had shown no "exceptional circumstances" in which "an important countervailing interest" would clearly be served by having the parties repair to state court. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14,

103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976).

There is a conflict among cases in this circuit concerning whether the *Colorado River–Moses Cone* factors apply in declaratory judgment actions. In *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir.1983), we explicitly stated that "the purely remedial and equitable nature of declaratory judgments vests the court with discretion, and sets declaratory judgments outside the scope of *Cone.*" 706 F.2d at 601, n. 1. *Mission* cited *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), with approval for the proposition that the Declaratory Judgment Act "confers no jurisdiction but is a procedural device designed to provide a new remedy to the federal court arsenal.... [I]t is a matter for the district court's discretion whether to decide a declaratory judgment action." *Id.* (citations omitted). The Supreme Court had held in *Brillhart* that where the district court had dismissed a complaint without considering whether the claims could be raised in the pending state court proceeding, it had abused its discretion. The Court remanded so that the district court might properly exercise its discretion. *See* 316 U.S. at 493–96, 498, 62 S.Ct. at 1174–76, 1177.

In contrast, in *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988), a Fifth Circuit panel reviewed a district court's decision to abstain from exercising jurisdiction over a declaratory judgment action, using the *Colorado River* and *Moses Cone* factors. The district court had discussed and applied each of the six *Colorado River–Moses Cone* factors; the panel in *Jimco* concluded that the court had misapplied several of the factors and failed to weight the balance heavily in favor of exercising jurisdiction, and reversed for those reasons. *Jimco* can certainly be read to imply that consideration of the *Colorado River–Moses Cone* factors is mandatory before a decision to decline to hear a declaratory judgment action is made. However, to the extent that *Jimco* may be the law in this circuit (if it is not in conflict with earlier circuit precedent in *Mission* ), and to the extent that *Jimco* may be read to require application of the *Colorado River–Moses Cone* factors, we should note that that decision would place this circuit in conflict with the Ninth Circuit.

The Ninth Circuit in *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249 (9th Cir.1987), reviews post-*Colorado River* cases that suggest that declaratory judgment actions require a different analysis from other cases of abstention, and concludes that *Brillhart*, a declaratory judgment case holding that a district court is "under no compulsion to exercise [its] jurisdiction," 316 U.S. at 494, 62 S.Ct. at 1175, survives *Colorado River*, which was not a Declaratory Judgment Act case. 811 F.2d at 1253–54 & n. 4. On the other hand, our opinion in *Jimco* mentions *Brillhart* and suggests that it is not within the district court's discretion to dismiss a declaratory judgment action simply "on the ground that the state courts could fully adjudicate all the matters in controversy between the parties in the action already filed in those courts" as happened in *Brillhart;* "*Colorado River* and *Moses Cone* make clear that the existence of previously initiated state proceedings is merely one factor among many for the court to consider." *Jimco*, 844 F.2d at 1192.

These observations are made only in passing, however, because we do not have to resolve whether *Jimco* is in conflict with our earlier precedent in *Mission* or whether they can be reconciled. We avoid these questions by simply holding that irrespective of whether the *Colorado River–Moses Cone* factors are considered in this case, the district court must be reversed and directed to entertain Sandefer's and Sohio's declaratory judgment action. We recognize, of course, that our review of the district court's exercise of discretion to hear a declaratory judgment action is limited to whether the court abused its discretion. *Mission*, 706 F.2d at 601 & n. 1. We have considered the following facts in finding an abuse of discretion in this case.

First, Sandefer and Sohio filed their district court action on February 22, 1988,

well before Duhon and Lounsberry responded with their state court Petition for Partial Cancellation of Oil, Gas and Mineral Lease on April 14, 1988.

Second, Allen is not an indispensable party to the federal case whose joinder will destroy the district court's diversity jurisdiction. A party is indispensable under Rule 19 of the Federal Rules of Civil Procedure if, as a matter of equity, the court finds that the lawsuit cannot proceed without the absent party. *See Shelton v. Exxon Corp.*, 843 F.2d 212, 216 (5th Cir.1988). Allen assigned all its right, title and interest in the subject lease to Sandefer, who then assigned an undivided interest in that lease to Sohio. Both Sandefer and Sohio filed this declaratory action against the Lessors for a declaration as to the meaning of certain language contained in the lease. It is difficult to see how any party is prejudiced by the failure to join Allen in this proceeding.

Third, because the exception of prematurity filed by Allen in the state court proceeding has been sustained, both federal and state court actions now involve the same parties, which undermines the Lessors' claim that only the state court action will be able to settle all disputes between all interested parties.

Fourth, the Louisiana state court is in no significantly better position to decide this case either procedurally or substantively. The state court stayed all its proceedings in the case on October 20, 1988, pending resolution of this lawsuit in federal court. The case involves a straightforward question of contractual construction which is not likely to have an impact beyond the facts of this particular controversy, and there is no evidence available in state court that is not available to the parties in federal court. We should note parenthetically that once Allen was dismissed as a party to the state court proceeding, there was diversity between the parties and, assuming compliance with 28 U.S.C. § 1446, the district court would likely have had no choice but to accept jurisdiction over this controversy.

Finally, we note that there is no real forum-shopping concern here, or geographical inconvenience to the parties in having the dispute tried in the federal forum; the federal and state courthouses involved in this litigation are approximately twenty miles apart.

For these reasons, we find that the district court abused its discretion under the Declaratory Judgment Act in declining to exercise its jurisdiction over this declaratory judgment action. Had Duhon and Lounsberry filed their state court action prior to the filing of Sandefer's and Sohio's declaratory judgment action, our decision in this case might well have been different.

### III

For the above reasons, the judgment of the district court is

REVERSED AND REMANDED.