**GRANITE STATE INSURANCE COMPANY, Plaintiff,**

v.

**TANDY CORPORATION and T.C. Electronics (Korea) Ltd., Defendants.**

**Civ. A. No. H–91–213.**

United States District Court, S.D. Texas, Houston Division.

April 30, 1991.

Theodore G. Dimitry, Vinson & Elkins, Houston, Tex., for plaintiff.

John D. White, Mark C. Hill, Cindy Webb Eakin, Haynes & Boone, Houston, Tex., for defendants.

### ORDER

HITTNER, District Judge.

Pending before this Court is a motion to dismiss or, in the alternative, for abatement of proceedings (Document # 6) filed by the defendants. The Court held a hearing on the motion in open court on April 26, 1991. After having considered the motion, the submissions of the parties, the argu-

ment of counsel, and the applicable law, the Court determines that it should stay these proceedings pending resolution of a companion state court action.

Plaintiff Granite State Insurance Company ("GSIC") filed the instant suit in this Court on January 25, 1991. GSIC seeks declaratory relief under 28 U.S.C. § 2201 (1988), requesting that this Court issue findings that GSIC is not liable under a marine open cargo policy for losses allegedly incurred by the defendants to goods and equipment in Korea. The insurance policy was issued in favor of defendant Tandy Corporation ("Tandy") in 1989 and was to cover specified losses from June 22, 1989. In late 1989, the defendants allegedly sustained losses to equipment and inventory during riots at a Korean manufacturing facility. GSIC's Houston underwriting agent, A–I Marine Adjusters, Inc. ("A–I"), received a notice of claim from Tandy under the policy on January 12, 1990. A–I sent Tandy a reservation of rights letter to Tandy within 30 days, and A–I thereafter attempted to procure information concerning the alleged loss from Tandy and from Tandy's outside insurance agent, Alexander & Alexander of Texas, Inc. ("A & A").

During the next several months the parties attempted, not without some difficulty, to resolve the insurer's requests for information. GSIC and the defendants acknowledge that by late 1990, the parties disagreed vehemently over Tandy's adherence to A–I's requests for information. In November 1990, Tandy sent A–I a sworn statement and proof of loss. A–I indicated to Tandy that Tandy's sworn statement and proof of loss was inadequate, but A–I did not inform Tandy that it was denying coverage. Instead, following the dispute over the sworn statement and proof of loss, GSIC filed the instant suit. After learning, through the filing of this suit, that GSIC was denying coverage, Tandy filed suit in Texas state district court within a month. That suit is currently pending in the 96th Judicial District Court of Tarrant County, Texas, under the caption *Tandy Corporation v. Granite State Insurance Company, Utica Mutual Insurance Company and Alexander & Alexander of Texas,*

*Inc.,* Civil Action No. 96–133298–91. In the state court action, Tandy has joined A & A: GSIC has alleged, *inter alia,* that A & A made misrepresentations in procuring the policy. Tandy has also joined in the state court suit the insurance company that Tandy claims provided it similar coverage prior to GSIC: GSIC has also alleged that the losses at issue occurred prior to the effective date of its policy.

■■■ The defendants now request that this Court decline to exercise its discretionary jurisdiction over actions for declaratory relief and dismiss or stay the instant suit. Both sides recognize that a court's exercise of jurisdiction to grant declaratory relief is discretionary rather than mandatory. *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *see Commercial Metals Co. v. Balfour, Guthrie, & Co.,* 577 F.2d 264, 266 (5th Cir.1978); *909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F.Supp. 1290, 1292 (S.D.Tex. 1990). A primary consideration in a court's decision to exercise jurisdiction in such a case is whether due to the pendency of other proceedings, the court's exercise of jurisdiction will result in piecemeal adjudication of a dispute. *See Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir. Unit A Sept.1981); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2759, at 648 (2d ed.1983). A court may also consider whether a declaratory complaint was filed in anticipation of the filing of a suit by a defendant in the declaratory action. *See Rowan Cos. v. Griffin,* 876 F.2d 26, 29 (5th Cir.1989); *Pacific Employers Insurance Co. v. M/V Captain W.D. Cargill,* 751 F.2d 801, 804 (5th Cir.), *cert. denied,* 474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 244 (1985); *Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir.1967), *cert. denied,* 389 U.S. 1039, 88 S.Ct. 776, 19 L.Ed.2d 828 (1968).

GSIC's claims regarding its liability for Tandy's claim on the insurance policy have led Tandy to bring into the state court suit two parties that are not present in this suit. If GSIC succeeds on its claim that the loss

alleged by the defendants does not fall within the effective period of its policy, the defendants may need to seek recourse against their previous insurer. If GSIC succeeds on its claim that A & A made misrepresentations to A–I in obtaining the policy, the defendants may need to seek recourse against A & A. The issues as raised initially by GSIC have thus invoked legal relationships that cannot be completely resolved in the confines of this suit. On the other hand, GSIC does not argue that it will be unable to litigate all coverage issues in the Tarrant County suit. *See Amerada Petroleum Corp.*, 381 F.2d at 663 (noting that plaintiff in the declaratory action at issue "is not in the position of one who cannot obtain an adjudication of its legal rights" in the companion proceeding). The Tarrant County proceeding's provision of an adequate alternative remedy for GSIC's claims, taken together with the potential for resolution in the state court proceeding of all disputes arising from Tandy's claim under the insurance policy, thus militates in favor of a stay of this suit. *See Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 603 (5th Cir.1983).

For purposes of determining whether the instant suit was initiated in anticipation of an action brought by the defendants, the Court finds that the facts of this case are very similar to those in *Puritan Fashions.* In *Puritan Fashions*, the Fifth Circuit affirmed the district court's dismissal of a declaratory judgment action that was based on the pendency of a parallel proceeding in California state court. *Puritan Fashions*, 706 F.2d at 603. As in *Puritan Fashions*, the insurance company and the insured in this suit engaged in lengthy negotiations regarding an investigation of the insured's proof of loss. As in *Puritan Fashions*, the insurance company in this suit did not deny coverage until it filed the declaratory action. As in *Puritan Fashions*, because of the tenor of the parties' relations during the investigation, "there can really be no dispute that [the insurer] expected [the insured] to file suit if its claim was denied." *Puritan Fashions*, 706 F.2d at 602.

Furthermore, Tandy filed the state court action shortly after GSIC indicated its denial of coverage by filing the declaratory action. The Fifth Circuit has affirmed a *dismissal* of an action for declaratory relief on this basis when the declaratory action was initiated two months prior to the filing of the suit in another jurisdiction. *Pacific Employers Insurance Co.*, 751 F.2d at 804. Here, Tandy initiated the state court action within a month of the filing of this suit. After having considered the circumstances of the filing of the suits, and the relations between the parties before the suits were initiated, the Court concludes that GSIC filed the instant suit in anticipation of an action that GSIC knew would be filed immediately after it gave notice to the defendants of its intent to deny coverage. *Cf. Casualty Indemnity Exchange v. High Croft Enterprises, Inc.*, 714 F.Supp. 1190, 1193–94 (S.D.Fla.1989); *State Farm Fire & Casualty Co. v. Taylor*, 118 F.R.D. 426, 430 (M.D.N.C.1988).

It is unclear whether in this circuit a court need also consider the abstention factors set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), in deciding whether to decline to exercise immediate jurisdiction over an action for declaratory relief because of the pendency of a companion state court proceeding. *See Rowan Cos.*, 876 F.2d at 29 n. 2 (indicating that *Colorado River* analysis probably should not apply in cases involving requests for declaratory relief); *Sandefer Oil & Gas, Inc. v. Duhon*, 871 F.2d 526, 528 (5th Cir.1989) (noting, but declining to resolve, apparent conflict between *Puritan Fashions* and *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988)); *Puritan Fashions*, 706 F.2d at 601 n. 1 (holding that because exercise of jurisdiction in declaratory actions is discretionary, such actions are not subject to *Colorado River* analysis under *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). In an abundance of caution, the Court will also consider the *Colorado River* factors.

As GSIC points out, "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910)). However, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration ..., though exceptional, do nevertheless exist." *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246.

■ In deciding whether to abstain from hearing a case due to the pendency of a similar state court action, a federal district court may consider the following factors: (1) the avoidance of exercises of jurisdiction over particular property by more than one court, (2) the inconvenience of the federal forum, (3) the desireability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) the applicability of federal or state law to the merits of the claims at issue, and (6) the adequacy of the state court proceedings to protect the rights of the party that invoked the federal court's jurisdiction. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15–16, 23, 103 S.Ct. 927, 936–37, 941, 74 L.Ed.2d 765 (1983); *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246; *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190 (5th Cir.1988); *Goerner v. Barnes*, 730 F.Supp. 767, 768 (S.D.Tex. 1990).

■ When a court considers whether to exercise *Colorado River*-type abstention, it should "take[ ] into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1247; *see Moses H. Cone*, 460 U.S. at 15–16, 103 S.Ct. at 937; *Goerner*, 730 F.Supp. at 768. As applied here, at least three of the factors under *Colorado River* and *Moses H. Cone* indi-

cate that this Court should decline to hear the instant suit.

The second *Colorado River* factor "primarily involves the physical proximity of the federal forum to the evidence and witnesses." *Evanston Insurance Co.*, 844 F.2d at 1191. Even considered in the light most favorable to GSIC, this Court does not represent the most convenient forum for the parties. The only relation of this district to the underlying dispute lies in the local negotiations regarding the insurance policy between A & A and A–I. Those negotiations have been raised by GSIC as a grounds on which it might avoid liability, but they are not the only such grounds: for example, GSIC seeks a declaration that any losses (which occurred in Korea) were sustained outside of the policy's effective period or resulted from the defendants' "deliberate abandonment of their property in Korea." Complaint for Declaratory Judgment at 20.

Furthermore, GSIC is a New Hampshire corporation with its principal place of business in Manchester, New Hampshire. Tandy is a Delaware corporation with its principal place of business in Fort Worth, Tarrant County, Texas. Defendant T.C. Electronics (Korea) Ltd. is a Korean corporation with its principal place of business in Masan, Korea. If, as GSIC's attorneys have suggested, the instant suit represents a "case between principals," then most of the witnesses germane to this dispute are located outside of this district. Likewise, most of the documentary evidence related to this dispute would be found not within this district but at the parties' corporate offices, which are located outside this district. Because at least one of the parties and numerous documents and witnesses relevant to this dispute are located in Tarrant County, the venue of the state court action would ameliorate the overall burdens of litigation on the instant parties. *See Colorado River*, 424 U.S. at 820, 96 S.Ct. at 1247 (finding significant a 300–mile distance between the state and federal courts at issue); *Goerner*, 730 F.Supp. at 769 (noting the distance between the Southern District of Texas and an Oklahoma state court); *cf. Signad, Inc. v. City of*

*Sugar Land,* 753 F.2d 1338, 1340 (5th Cir.) (noting, in reversing exercise of abstention by a district court, that the federal court and state court at issue "are equidistant from … where the dispute arose"), *cert. denied,* 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985).

The Court ascertains under the third *Colorado River* factor the danger of piecemeal and inconsistent adjudication between the instant suit and the Tarrant County action. As this litigation now stands, Tandy could conceivably proceed to trial on its claims against GSIC and thus force GSIC to litigate some if not all of its claims regarding coverage. It would much better serve "wise judicial administration" to have all potential disputes resulting from Tandy's claim under the policy resolved in one suit. *See Brillhart,* 316 U.S. at 495, 62 S.Ct. at 1175, *cited by Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246; *cf. Moses H. Cone,* 460 U.S. at 20, 103 S.Ct. at 939 (finding an absence of danger of piecemeal litigation because "relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement").

Because the Court has found that this action was filed in anticipation of a suit that would be brought by the defendants, application of the fourth *Colorado River* factor indicates that abstention is warranted. The Court has found that by initiating what is in this situation the first-filed suit, GSIC intended to forestall a foreseeable state court suit by the defendants. *Cf. Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 939 (finding that the party initiating the second-filed federal action had had "no reasonable opportunity" to file its suit prior to the filing of the state court suit).

The *Colorado River* Court indicated that a federal court may also consider, as part of the fourth-factor inquiry, the absence of progress in the federal court litigation. *Colorado River,* 424 U.S. at 820, 96 S.Ct. at 1247; *Moses H. Cone,* 460 U.S. at 21–22, 103 S.Ct. at 939–40. The parties did not inform the Court of the status of the suit in Tarrant County, but the Court notes that the instant suit has not passed the stage of rule 12 motions. The defendants have not taken any action before this Court other than to file an answer, the instant motion, and related briefs, and GSIC has merely filed its complaint and response to the defendants' motion. *See Colorado River,* 424 U.S. at 820, 96 S.Ct. at 1247 (noting "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss").

The sixth element of the *Colorado River/Moses H. Cone* inquiry "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston Insurance Co.,* 844 F.2d at 1193. As set out above, the sixth factor provides no added weight in favor of this Court's retention of jurisdiction. GSIC has not shown that it would be unable to pursue the claims that it presses in this Court in the Tarrant County proceeding. *See Goerner,* 730 F.Supp. at 771.

The Court thus determines that under *Brillhart* and its progeny, a stay of these proceedings is warranted pending resolution of the companion state court action. Furthermore, based on its application of the factors enunciated in *Colorado River* and *Moses H. Cone,* the Court determines that this case presents those circumstances that warrant a stay due to the pendency of a parallel state court proceeding.

Based on the foregoing, the Court

ORDERS that this action is hereby STAYED pending resolution of *Tandy Corporation v. Granite State Insurance Company, Utica Mutual Insurance Company and Alexander & Alexander of Texas, Inc.,* Civil Action No. 96–133298–91, currently pending in the 96th Judicial District Court of Tarrant County, Texas.