**GRANITE STATE INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**TANDY CORPORATION and T.C. Electronics, (Korea), Ltd., Defendants–Appellees.**

No. 91–2467.

United States Court of Appeals, Fifth Circuit.

March 30, 1992.

Certiorari Granted Oct. 5, 1993.

See 113 S.Ct. 51.

Theodore G. Dimitry, Vinson & Elkins, Houston, TX, for plaintiff-appellant.

Haynes & Boone, Mark C. Hill, Fort Worth, TX, Lynne Liberato, John D. White, Haynes & Boone, Houston, TX, for Tandy Corp.

Before WISDOM, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Granite State Insurance Company (Granite State) filed this declaratory judgment action to determine, preferably, to avoid, its rights and responsibilities under its "Marine Cargo Policy" issued to Tandy Corporation and T.C. Electronics (Korea), Ltd. (jointly "Tandy"). Twenty-one days later, Tandy sued Granite State in a Texas state court under the policy for the $10 million policy limits. The district court stayed the federal declaratory judgment action pending the resolution of the state court action, and Granite State appealed. Finding no abuse of discretion, we affirm.

## I.

Tandy operated an electronics plant at Masan, South Korea, where in the spring of 1989, Tandy began experiencing labor problems. The plant was closed beginning April 4, when members of the union staged a sit-down strike, then later rioted and oc-

cupied the plant. Tandy regained control in December.

Also in April, 1989 Tandy opened negotiations for insurance. Granite State successfully bid on a policy and bound coverage effective June 22, 1989, issuing a "Marine Open Cargo Policy" with an endorsement extending coverage to inventory in Korea.

It does not appear that Tandy notified Granite State that the property being insured under the new policy was in danger. On January 12, 1990, Granite was first informed via telefax of a loss and potential claim under the endorsement. The losses and claim originated at the South Korean plant during the period of worker occupation.

In January 1991, after investigating Tandy's claim, Granite State filed a declaratory judgment action in the U.S. District Court for the Southern District of Texas challenging Tandy's breach of the maritime doctrine of *uberrimae fidei* and its incomplete notice of loss and uncooperativeness in the investigation. Jurisdiction was alleged to lie in admiralty or diversity. Three weeks later, Tandy sued Granite State in Tarrant County, Texas, making a claim under the policy for the policy limits and seeking treble damages for bad claims handling. On February 16, Tandy simultaneously answered Granite State's federal complaint and sought dismissal pursuant to Fed. R.Civ.P. 12(b)(7), or alternatively, a stay pending resolution of the state court action. Following briefing and argument, the federal district court decided to stay its proceedings in deference to the state court action.

**II.**

■ The first issue, raised by Tandy, is whether this court has appellate jurisdiction under 28 U.S.C. § 1292(a)(3), which confers appellate jurisdiction from certain interlocutory orders in admiralty cases. We decline to address this difficult and hotly disputed issue, because this court has jurisdiction under 28 U.S.C. § 1291 or the collateral order doctrine. The issues raised in this action will undoubtedly be litigated in the state court action for which it was stayed, and because of the stay, the federal court will be bound under principles of *res judicata* by the outcome of the state court suit. Where a stay order effectively dismisses the federal suit, as in this case, it is treated as a final order under § 1291. *See generally, Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 8–10, 103 S.Ct. 927, 934, 74 L.Ed.2d 765 (1983); *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 n. 2, 82 S.Ct. 1294, 1296 n. 2, 8 L.Ed.2d 794 (1962). *Moses H. Cone* held alternatively that such an order is appealable, even if non-final, under the collateral order doctrine. 460 U.S. at 11–13, 103 S.Ct. at 934–35.

**III.**

■ The propriety of the district court's granting of the stay in this declaratory judgment action is governed by *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and the *Moses H. Cone*[1]/*Colorado River*[2] factors, which set out a more stringent test for federal abstention, do not apply.[3] *Rowan Companies, Inc. v. Grif-*

---

1. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

2. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

3. There has been conflict among the cases in this circuit concerning whether the *Colorado River/Moses Cone* factors should apply to a declaratory judgment action. *See generally, Mission Insurance Co. v. Puritan Fashions, Corp.*, 706 F.2d 599, 601 n. 1 (5th Cir.1983) (holding that *Moses Cone/Colorado River* factors do not

apply to declaratory judgment actions); *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988) (apparently overlooking *Mission Insurance* in applying the *Moses Cone/Colorado River* factors to declaratory judgment proceedings). As this court did in *Rowan*, we must follow *Mission Insurance* because it was the first panel decision on this issue. We also note the *Rowan* court's finding that *Mission* states the better rule and is more consistent with the essence of the declaratory judgment act. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 n. 2 (5th Cir.1989).

*fin,* 876 F.2d 26, 28–29 (5th Cir.1989); *Mission Insurance Co. v. Puritan Fashions, Corp.,* 706 F.2d 599, 601 n. 1 (5th Cir.1983). *See also, Continental Casualty Co. v. Robsac Industries,* 947 F.2d 1367 (9th Cir. 1991) (holding that *Colorado River* abstention test is inapplicable where the Declaratory Judgment Act is involved). Under *Rowan* and *Mission,* the district court's handling of the declaratory judgment complaint is reviewed for abuse of discretion. *Rowan,* 876 F.2d at 29; *Mission,* 706 F.2d at 601.

According to *Brillhart,* the district court has discretion whether to decide a declaratory judgment action. *Mission Insurance,* 706 F.2d at 601 (*citing Brillhart*); *Rowan,* 876 F.2d at 28. The district court may not dismiss a request for declaratory relief "on the basis of whim or personal disinclination." *Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir.1981). *Rowan* outlined several factors pertinent to a district court's determination whether to decide a declaratory judgment suit:

> [D]eclaratory judgment relief may be denied because of a pending state court proceeding in which the matters in controversy between the parties may be litigated, because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, because of possible inequities in permitting the plaintiff to gain precedence in time and forum, or because of inconvenience to the parties or the witnesses.

*Rowan,* 876 F.2d at 28 (citations omitted). The *Rowan* list, however, is neither exhaustive, nor is it exclusive or mandatory. *Id.* at 28–29.

■ The district court determined that the Tarrant County proceeding provided an adequate alternative remedy for Granite State and that the state court proceeding provided a forum for the resolution of *all* disputes arising from Tandy's claim under the insurance policy.[4] *Granite State Insurance Company v. Tandy Corp.,* 762 F.Supp. 156, 158 (S.D.Tex.1991). As noted by the district court, this factor militates in favor of a stay. *Id.*

The district court also found that Granite State filed this action in anticipation of an action brought by the defendants. *Id.* Tandy and Granite State engaged in lengthy negotiations over the investigation of Tandy's proof of loss, the insurance company did not deny coverage until it filed the declaratory action, and Tandy's state court action followed within weeks after Granite State thereby signalled its preferred denial of coverage. The district court recognized the similarity between the present action and that in *Mission Insurance Co. v. Puritan Fashions, Corp.:*

> In *Puritan Fashions,* the Fifth Circuit affirmed the district court's dismissal of a declaratory judgment action that was based on a pendency of a parallel proceeding in California state court. *Puritan Fashions,* 706 F.2d at 603. As in *Puritan Fashions,* the insurance company and the insured in this suit engaged in lengthy negotiations regarding an investigation of the insured's proof of loss. As in *Puritan Fashions,* the insurance company in this suit did not deny coverage until it filed a declaratory action. As in *Puritan Fashions,* because of the tenor of the parties' relations during the investigation, "there can really be no dispute that [the insurer] expected [the insured] to file suit if its claim was denied. *Puritan Fashions,* 706 F.2d at 602.

*Granite State,* 762 F.Supp. at 158. The district court also noted that this court has "affirmed a *dismissal* of an action for declaratory relief on this basis when the declaratory action was initiated two months after the filing of the suit in another jurisdiction." *Id., citing Pacific Employers Insurance Co. v. M/V Captain W.D. Cargill,* 751 F.2d 801, 804 (5th Cir.), *cert. denied,*

---

4. Tandy brought two parties into the state court action which are not present in the federal forum. Tandy joined Alexander & Alexander of Texas, Inc., Tandy's outside insurance agent, and Granite State has alleged, *inter alia,* that Alexander & Alexander made misrepresenta-tions in procuring the policy. Tandy also joined the insurance company that Tandy claims provided its similar coverage prior to Granite State. Granite State alleges that the losses at issue occurred prior to the effective date of its policy.

474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 244 (1985). The district court did not err in analogizing this case to *Puritan Fashions.*[5]

For these reasons, we cannot say that the district court abused its discretion in granting the stay. The judgment of the district court is AFFIRMED.

---

5. Granite State's brief emphasizes the contention that its insurance contract was a maritime contract subject to federal law. We do not decide this question, for to do so would interject our views unduly upon the pending state action. We note, however, that it is at least arguable that the Endorsement sued upon is not maritime, or if so, is a mixed contract, in either of which cases state law would likely be applicable. Even if it is an admiralty contract, certain state law insurance principles are applicable. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955). The characterization of the insurance Endorsement alone does not invoke the interests of uniformity for admiralty purposes that would require a federal forum. Granite State's argument therefore does not detract from the stay order.