ATLANTIC MUTUAL,

v.

IT CORPORATION.

Civ. A. No. 93–690–A.

United States District Court,
M.D. Louisiana.

Jan. 14, 1994.

Patrick A. Juneau, Jr., The Juneau Firm, Lafayette, LA, for plaintiff.

Charles S. McCowan, Jr., David J. Nelson, Glenn M. Farnet, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for defendant IT Corp.

Judith V. Windhorst, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for third-party defendant Central Garden & Pet Co.

## RULING ON MOTION FOR REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by plaintiff for remand. The motion is opposed. There is no need for oral argument.

On July 12, 1993, plaintiff, Atlantic Mutual (a New York Corporation with its principal place of business there), filed this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, against defendant, IT Corporation (a California corporation with its principal place of business there). This action arises from a fire that occurred on the night of July 14, 1992, at a warehouse leased by Central Garden & Pet Supply Company. According to the state court petition, defendant was engaged to clean up a chemical spill at the warehouse and, due to the negligence of defendant's employees, there was a chemical reaction which started the fire. Plaintiff claims to be subrogated to the rights of its insured, Central Garden & Pet Supply, and seeks to recover $984,226.02 in damages allegedly sustained by Central Garden and paid by plaintiff as a result of the fire.

On August 6, 1993, defendant removed this action to this court on the basis of diversity jurisdiction. On September 3, 1993, plaintiff filed its motion to remand, contending defendant had waived the right to removal by filing a motion for consolidation in state court. In opposition to the motion, defendant persuasively argues that there is no

factual or legal basis for finding such a waiver under the circumstances of this case.

■ Apparently recognizing the lack of merit presented by the waiver argument, plaintiff, on November 12, 1993, amended the motion to remand and raised a secondary issue: whether this case should be remanded in view of numerous related lawsuits that have been consolidated in state court for discovery purposes. Plaintiff essentially contends that *Colorado River* [1] abstention is appropriate based upon "considerations of wise judicial administration." In response, defendant argues that *Colorado River* abstention is rarely appropriate and that there are no "exceptional circumstances" that would justify the surrender of federal jurisdiction here.

At the outset, several points need to be made. First, according to the notice of removal (to which no party has objected) there is diversity of citizenship between plaintiff and the defendant, IT Corporation, and the amount in controversy exceeds the sum of $50,000, exclusive of interest and costs. As a result, this court clearly has subject matter jurisdiction over this matter. Jurisdiction flows from Article III, Section 2, of the Constitution and is specifically provided by 28 U.S.C. § 1332(a). The right to remove such actions is specifically conferred upon the defendant by 28 U.S.C. § 1441(a).

Thus, plaintiff's request is that the court decline to exercise (surrender) jurisdiction which it indisputably possesses. Such a request then, must be recognized as extraordinary.

In *Colorado River* and *Moses H. Cone*,[2] the Supreme Court approved dismissal[3] of federal court actions due to concurrent state court proceedings based on considerations of "wise judicial administration." As defendant observes, however, the pendency of a state court action is ordinarily no bar to parallel proceedings in federal court because federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. Given these considerations, dismissal is appropriate only under "exceptional circumstances." *Id.*

■ With the balance heavily weighted in favor of the exercise of jurisdiction, the court must carefully consider the following: the assumption by either court over property; the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; the order in which jurisdiction was obtained; whether state or federal law provides the rule of decision; and whether the state court proceeding would adequately protect the rights of the party invoking federal jurisdiction. *Colorado River*, supra; *Moses H. Cone*, supra.

The court agrees with defendant that the first two factors favor the exercise of federal jurisdiction. There is no property involved here[4] and this forum is equally as convenient as the state courthouse, a few blocks away. However, the state court obtained jurisdiction over this and several other actions first[5], state law provides the rule of decision and defendant's rights would adequately be protected in state court. Defendant, correctly contends that these factors are more "neu-

---

1. *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

2. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

3. This court notes with no particular emphasis that neither of those actions was a removal action, as is the present case.

4. The court observes that one of the state court actions, as discussed hereafter, is a condemnation proceeding relating to inventory stored in another part of the building occupied by Bergen Brunswig Drug Company. According to defen-

dant, this proceeding "may now be moot" due to Bergen's voluntary destruction of its inventory.

5. In a removal situation the state court will, by definition, have obtained jurisdiction first. Moreover, the Supreme Court made it plain in *Moses H. Cone* that this is not a mechanical determination of chronological order but a matter of how much progress has been made in either court. 460 U.S. at 21, 103 S.Ct. at 940. From the briefs, it appears that most discovery which has taken place was in this court in one of the actions that was remanded to state court. Yet, it appears that the discovery conducted to date has not been extensive and that little other progress has been made in either court. Accordingly, this factor can be no more than neutral.

tral" than supportive of abstention. Plaintiff argues that the remaining factor (the avoidance of piecemeal litigation) weighs heavily in favor of surrender of federal jurisdiction, hence, remand.

From the attachments to defendant's opposition, it appears that nine suits were filed in state court arising from this same incident. Five of those actions (including the case at hand) were removed by IT Corporation to this court. The other four actions, including one by the owners of the warehouse building, The Slip Trust, have all since been remanded.[6] An order of consolidation (for discovery purposes only) has now apparently been signed in state court but the cases in neither court have made substantial progress.

Since this case was removed, IT Corporation has filed third party demands against The Slip Trust, Olin Corporation (the manufacturer of the chemical spilled in the incident), Tilt–Up Concrete Construction Company (the contractor who constructed the warehouse), Heitman Properties of Louisiana, Ltd. (the manager of the property), and Aetna Insurance Company (Heitman's insurer). Those parties have in turn filed third party, counter and cross claims, some of which involve additional parties. As a result, this action now indirectly involves many of the claims being asserted in state court.

In state court, there are also two cases pertaining to damages to inventory of Bergen Brunwig Drug Company, stored in an adjoining warehouse. One of those cases is a condemnation proceeding by the State Health Officer to destroy or dispose of Bergen's inventory. IT Corporation has intervened in that action. Another action pending in state court involves damage to equipment used by the St. George Volunteer Fire Protection District in responding to the fire. Three other state court cases (which were removed by IT and subsequently remanded) involve claims for personal and property damage by numerous residents living near the warehouse.

In short, this action overlaps partially with the proceedings pending in state court.

All other factors being neutral or weighing in favor of the exercise of jurisdiction, the avoidance of piecemeal litigation is the only factor upon which abstention might be premised. The case of *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988) is not only instructive upon the issue but binding precedent, as well.[7] In *Evanston*, the Fifth Circuit reversed a district court which had granted abstention based upon this factor:

> *(3) The desirability of avoiding piecemeal litigation*
>
> The district court referred to this factor as "critical" and weighing "in favor of dismissal." *Because this case does not involve jurisdiction over a res or property, however, there is no danger of inconsistent rulings affecting property ownership. Therefore, the avoidance of piecemeal litigation does not weigh in favor of abstention.*
>
> ... The prevention of duplicative litigation is not a factor to be considered in an abstention determination. 844 F.2d at 1192 (Emphasis supplied)

The action before this court does not involve jurisdiction over a res or property; hence, there is no danger of inconsistent rulings affecting property or ownership. It is clear that the court's jurisdiction cannot include all the actions arising from chemical reaction and fire in this case (as noted earlier, several cases have already been remanded because of the lack of federal jurisdiction). However, to the extent that this litigation is duplicative of the state court proceedings,

---

6. Each of those actions was remanded because of the lack of federal subject matter jurisdiction—either the absence of complete diversity of citizenship or failure to meet the jurisdictional amount requirement of 28 U.S.C. § 1332(a). As noted in the text, no such problems exist here. There is no question of federal jurisdiction here.

7. This court is aware that *Evanston* was a declaratory judgment action and that other cases have questioned whether the *Colorado River/Moses H.*

*Cone* factors ought to even be considered in declaratory judgment actions. See e.g., *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 95 n. 3 (5th Cir.1992); *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989). *Evanston*, however, has not been overruled and, so far as we can determine, its reasoning as applied to cases such as this (not a declaratory judgment action) has never been challenged.

this is not a factor to be considered in an abstention determination. *Evanston,* supra at p. 1192. To the extent that there may be piecemeal litigation between the two forums, the court concludes that this does not present an exceptional circumstance in and of itself that would justify the surrender of jurisdiction.[8]

To the extent that diversity jurisdiction continues to exist in federal district courts, the potential for state-federal friction will continue. That is inherent in the exercise of diversity jurisdiction. Many federal judges today are convinced that the time has come to abolish or severely restrict diversity jurisdiction and thus allow the state courts exclusive jurisdiction over state law issues. Such views may well be sound from a philosophic perspective. Until they prevail in the Congress, however, such views mean little because only the Congress has the power to abolish diversity jurisdiction. This court, having subject matter jurisdiction, is bound to exercise it.

Accordingly, the motion to remand is hereby DENIED.

Defendant makes an appropriate suggestion that discovery in this action be coordinated with discovery in the state court action. This matter is hereby REFERRED to a United States Magistrate Judge for entry of such an order.

---

8. The court notes that there is support in the Second Circuit, at least, for reaching a different result, particularly when piecemeal litigation includes numerous lawsuits that have been consolidated in state court. See, *De Cisneros v. Younger,* 871 F.2d 305 (2d Cir.1989); *Arkwright–Boston Mfrs. Mut. v. City of New York,* 762 F.2d 205 (2d Cir.1985). This court suggests that the Second Circuit approach pushes the "doctrine" beyond that intended by the Supreme Court.