**AEGON INSURANCE COMPANY, LTD., Plaintiff,**

v.

**WILLAMINA LUMBER COMPANY, et al., Defendants.**

Civ. A. No. H–93–3597.

United States District Court, S.D. Texas, Houston Division.

Feb. 15, 1994.

Byron Sims, Houston, TX, for plaintiff.

Christopher Norton, Houston, TX, for defendants.

OPINION ON STAY

HUGHES, District Judge.

1. *Introduction.*

In an insurance dispute, the insurance company brought this declaratory judgment case in anticipation of the insured's suing in state court. Because the choice of forum clause gives the insured plenary control over jurisdiction, the case will be stayed.

2. *Background.*

Willamina Lumber Company and its insurance company, Aegon, signed a contract that contains a service of suit clause in favor of the insured. Willamina bought a large crane for use in its sawmill. In August 1993, the crane fell while it was being assembled by Willamina employees. Willamina and Aegon could not agree about coverage. Aegon filed this action for a declaratory judgment on November 10, 1993. Willamina filed its suit in state court on January 10, 1994. Willamina now moves for this court to stay the case pending resolution of the state court action.

3. *The Choice of Forum Clause.*

The traditional service of suit clause gives one party the right to force the other to submit to the jurisdiction of the court that the first party has filed a suit in. If this was the clause at issue in this case, Willamina could defeat it by first filing a declaratory judgment action in this court. The court would then have the discretion whether or not to stay the case pending the state court outcome. *See Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Commercial Metals Co. v. Balfour, Gutherie, & Co.,* 577 F.2d 264, 266 (5th Cir.1978).

▪ The clause in this case, however, is far broader than the traditional clause:

In the event of the failure of the insurer hereon to pay any amount claimed to be due hereunder, the insurer hereon, at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States.

The clause is explicit in granting Willamina the right to control the choice of jurisdiction regardless of who files first and in what court. The clause would require a remand if Aegon had removed a case filed by Willamina in state court. *See City of Rose City v. Nutmeg Ins. Co.,* 931 F.2d 13 (5th Cir.1991).

▪ Even if the court had discretion to go forward, there is ample reason to stay the case. Not only did Aegon agree to this more powerful version of a service of suit clause, but it clearly filed this case in anticipation of the state-court litigation filed by Willamina. *See Granite State Ins. Co. v. Tandy Corp.,* 762 F.Supp. 156, 158 (S.D.Tex.1991), *aff'd,* 986 F.2d 94 (5th Cir.1992), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1993). There is no reason to go forward in this case until the state-court action has been concluded.

4. *Conclusion.*

The case will be stayed pending the conclusion of the state-court action.