GREAT LAKES DREDGE AND DOCK
COMPANY, a New Jersey
corporation, Plaintiff,

v.

Robert W. EBANKS and Cindy Ebanks,
his wife, Defendants.

Civ. A. No. CV294–109.

United States District Court,
S.D. Georgia,
Brunswick Division.

Nov. 28, 1994.

Albert Fendig, Jr., Brunswick, GA, James J. Taylor, Jr., Michael L. Berry, Jr., George D. Gabel, Jr., Joel B. Toomey, Jacksonville, FL, for plaintiff.

Ralph R. Lorberbaum, Savannah, GA, Roger Vaughan, Tampa, FL, for defendants.

### *ORDER*

ALAIMO, District Judge.

Defendant, Robert Ebanks ("Ebanks"), a Jones Act seaman, was injured while working aboard a derrick barge owned by his employer, Great Lakes Dredge and Dock Company ("Great Lakes"). Great Lakes filed this action in federal court seeking a declaratory judgment under 28 U.S.C. § 2201 (Count I), and specific performance of a settlement agreement as a "maritime contract" under 28 U.S.C. § 1333 (Count II). Before the Court is Ebanks' Motion to Dismiss Count I and Stay Count II because of a pending state court action involving the same facts. For the reasons discussed below, Ebanks' motion is hereby GRANTED.

### *FACTS*

On December 9, 1992, Ebanks was injured while working aboard Great Lakes Derrick Barge No. 60. After the injury, Great Lakes and Ebanks conducted settlement negotiations. The parties disagree, however, as to whether they reached an enforceable settlement agreement. Great Lakes argues that a settlement agreement was reached on July 29, 1994, whereby Great Lakes would pay Ebanks $775,000.00 in exchange for his signing of the appropriate releases. Ebanks, in contrast, claims that he rejected this settlement offer. During most of the settlement negotiations, Ebanks was not represented by an attorney. Shortly before recent events, however, he retained counsel. Ebanks contends that his lawyer contacted a Great Lakes representative by telephone and informed the representative that Ebanks rejected Great Lakes' latest offer. The telephone conversation was subsequently confirmed by letter dated August 2, 1994.

On August 4, 1994, Great Lakes filed its complaint in this court. Count I is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 whereby Great Lakes asks the Court to declare that the parties entered into an enforceable settlement agreement. In Count II, Great Lakes seeks specific performance of the settlement agreement as a "maritime contract" under 28 U.S.C. § 1333.

Three weeks after Great Lakes filed its federal action, Ebanks filed an action in the Florida State Court for Palm Beach County, Florida, where Ebanks was injured. In the state court action, Ebanks and his wife seek damages from Great Lakes under three theories: (1) negligence under the Jones Act, 46 U.S.C. § 688, (2) unseaworthiness of the derrick barge under general maritime law, and (3) maintenance and cure under general maritime law.

On September 8, 1994, the Ebanks filed the present motion in the case at bar to dismiss Count I and stay Count II pending resolution of the state court action.

### *DISCUSSION*

**I.** *Motion to Dismiss Count I for Declaratory Relief*

Count I of Great Lakes' complaint asks the Court to declare that the parties entered into an enforceable settlement agreement. Ebanks requests that the Court decline jurisdiction over Great Lakes' declaratory judgment action because the issue of the settlement agreement will necessarily be resolved in Ebanks' pending state court action.

 Before entertaining a declaratory judgment action, the Court must find that the situation presents a justiciable case or controversy. This element is satisfied in the present case, for "all of the acts that are alleged to create liability already have occurred." *See Angora Enterprises v. Condominium Ass'n of Lakeside Village,* 796 F.2d 384, 387 (11th Cir.1986) (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d,* § 2757 at 585–86 (1983)).

 Ebanks does not dispute that the Court has jurisdiction over declaratory judg-

ment actions.[1] He simply argues that such jurisdiction is discretionary, and that the circumstances of this case weigh in favor of dismissing Great Lakes' declaratory judgment action. Indeed, declaratory relief is a matter of district court discretion. *Id.* The parties disagree, however, as to the standards the Court should follow in exercising this discretion. Ebanks urges the Court to apply the standards set forth in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), as interpreted by the Fifth Circuit in *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, (5th Cir.1989). Great Lakes argues for the more stringent *Colorado River* [2]/*Moses H. Cone* [3] standard.

## A. Standards for Hearing Declaratory Actions

In *Brillhart*, the Supreme Court outlined the standards to be applied by federal courts in deciding whether to exercise jurisdiction over a declaratory judgment action when a state court action is pending. In considering this issue, the Court noted:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in the state court presenting the same issue, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1176.

■ Under *Brillhart*, the district court should consider "whether the questions in controversy between the parties to the federal court suit . . . can better be settled in the proceeding pending in state court. . . ." *Id.* The court should also consider "whether the claims of all parties in interest can satisfactorily be adjudicated in [the pending state court] proceeding" and whether necessary parties "are amenable to process in that proceeding." *Id.*

In *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26 (5th Cir.1989), the Fifth Circuit applied the *Brillhart* standard to a declaratory judgment action filed by a seaman's employer. In applying this standard, the *Rowan* court discussed four situations in which declaratory relief may be denied: (1) where there is a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, (2) where the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, (3) where there are possible inequities in permitting the plaintiff to gain precedence in time and forum, or (4) where there is inconvenience to the parties or the witnesses. *Rowan*, 876 F.2d at 29; *see also, Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir.1992) ("The *Rowan* list, however, is neither exhaustive, nor is it exclusive or mandatory."). Ebanks contends that applying these standards to the present case requires dismissal of Great Lakes' declaratory judgment action.

■ Great Lakes, on the other hand, argues that the Court should apply the more stringent *Colorado River/Moses H. Cone* standard. Neither *Colorado River* nor *Moses Cone* dealt explicitly with declaratory judgment actions,[4] but the Court in both cases did discuss the doctrine of abstention. Under the *Colorado River/Moses H. Cone* standard, federal courts must recognize the

---

1. The Declaratory Judgment Act provides:
 In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
 28 U.S.C. § 2201(a).

2. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

3. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

4. While *Colorado River* did involve a complaint for declaratory relief regarding water rights, the Supreme Court did not consider the case to be a Declaratory Judgment Act suit. *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1254 n. 4 (9th Cir.1987).

"virtually unflagging obligation to exercise the jurisdiction given to them," and may dismiss a case in favor of a pending state court action only in "exceptional circumstances." *Colorado River,* 424 U.S. at 817 & 813, 96 S.Ct. at 1246 & 1244.

▮▮▮▮ Ebanks argues that the stringent *Colorado River/Moses H. Cone* standard does not apply to declaratory judgment actions. The Eleventh Circuit, unfortunately, has not explicitly addressed this issue. Nevertheless, as discussed below, Eleventh Circuit authority suggests, and other district courts in this circuit have held, that the *Colorado River/Moses H. Cone* standard does not apply to declaratory judgment actions. This view is explicitly supported by decisions in the Third, Fifth and Ninth Circuits. Accordingly, the Court holds that the stringent *Colorado River/Moses H. Cone* standard does not apply to declaratory judgments. Thus, the standards articulated in *Brillhart* guide the Court in determining whether to exercise jurisdiction over Great Lakes' declaratory judgment action.

### 1. *The Eleventh Circuit*

The Eleventh Circuit case that comes closest to addressing this issue is *Angora Enterprises, Inc. v. Condominium Ass. of Lakeside Village, Inc.,* 796 F.2d 384 (11th Cir. 1986). In *Angora,* the Eleventh Circuit discussed the district court's inherent discretion to decline to entertain declaratory judgment actions. It is difficult to determine, however, whether the court followed *Brillhart* or *Colorado River/Moses H. Cone.* In the per curium opinion, the court cites to *Brillhart* in support of the proposition that interference with state court litigation should be avoided, but then quotes a rather large portion of *Colorado River* before remanding the case to the district court. As another district court in this circuit has noted, *Angora* "fail[s] to provide clarification as to the burden which the trial court must overcome to decline jurisdiction over an action for declaratory judgment." *General Star Indem. Co. v. Puckit, L.C.,* 818 F.Supp. 1526, 1530 (M.D.Fla.1993).

Despite the confusion regarding the *Brillhart* and *Colorado River/Moses H. Cone*

standards, *Angora* does provide the following guidelines:

> In the exercise of their sound discretion to entertain declaratory actions the district courts may not decline on the basis of whim or personal disinclination; but they may take into consideration ... whether there is a pending procedure in state court in which the matters in controversy between the parties may be fully litigated.

*Angora,* 796 F.2d at 387 (quoting *Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir. Unit A Sept. 1981)).

The above language is in line with the *Brillhart* standard and mirrors the first *Rowan* factor. Accordingly, the Court finds that *Angora* offers some support for the proposition that *Brillhart,* rather than *Colorado River/Moses H. Cone,* applies to declaratory judgment actions.

This view is also supported by other Eleventh Circuit cases. In *Ven–Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194 (11th Cir.1982), the court affirmed the district court's dismissal of a declaratory judgment action. In doing so, the court did not apply the stringent test of *Colorado River,* but instead noted that "a district court may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Id.* at 1195 (citing *Hollis,* 657 F.2d at 750). Similarly, in *Michigan Tech Fund v. Century Nat'l Bank of Broward,* 680 F.2d 736, 742 (11th Cir.1982), the court referred to *Brillhart* and not *Colorado River* in deciding whether the district court properly dismissed a declaratory judgment action.

### 2. *Eleventh Circuit District Courts*

Based on the above Eleventh Circuit authority, two district courts in this circuit have held that the *Colorado River/Moses H. Cone* standard does not apply to declaratory judgment actions. In *United States Fidelity & Guar. Co. v. Algernon–Blair, Inc.,* 705 F.Supp. 1507 (M.D.Ala.1988), the court held that dismissal of a declaratory judgment action regarding a construction project would be appropriate because of a pending state court proceeding. In deciding this issue, the

court admitted the inconclusiveness of Eleventh Circuit authority but nevertheless concluded that the *Colorado River/Moses H. Cone* test does not apply to declaratory judgment actions. *Id.* at 1521. Likewise, in *General Star Indemnity Co. v. Pluckit, L.C.,* 818 F.Supp. 1526, 1531 (M.D.Fla.1993), the court discussed the Eleventh Circuit's decision in *Angora* before adopting a *Brillhart* analysis in deciding whether to dismiss a declaratory judgment action brought by an insurer.

### 3. *Other Circuits*

Decisions from the Third, Fifth and Ninth Circuits support the proposition that the *Colorado River/Moses H. Cone* standard does not apply to declaratory judgment actions. In *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361 (9th Cir.1991), the Ninth Circuit held that "the *Colorado River* test does not apply where the Declaratory Judgments Act, 28 U.S.C. § 2201, is involved." *Chamberlain,* 931 F.2d at 1366; *see also Continental Casualty Co. v. Robsac Industries,* 947 F.2d 1367, 1369 (9th Cir.1991) (following *Chamberlain* ).

Similarly, despite some intra-circuit confusion,[5] several Fifth Circuit decisions have held that the *Colorado River/Moses H. Cone* standard does not apply to declaratory judgment actions:

> The propriety of the district court's granting of the stay in this declaratory judgment action is governed by *Brillhart v. Excess Ins. Co. of America,* and the *Moses H. Cone/Colorado River* factors, which set out a more stringent test for federal abstention, do not apply.

*Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94, 95 (5th Cir.1992) (citing *Rowan Co., Inc. v. Griffin,* 876 F.2d 26, 28–29 (5th Cir. 1989) (internal citations and footnotes omitted)); *see also, Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 n. 1 (5th Cir.1983) ("*Cone* ... is not a declaratory judgment case. As the text indicates, the purely remedial and equitable nature of declaratory judgments vests the court with discretion, and sets declaratory judgments outside the scope of *Cone.*").

---

5. *See Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94, 95 n. 3 (5th Cir.1992) (discussing confu-

In *United States v. Commonwealth of Penn., Dept. of Envtl. Resources,* 923 F.2d 1071 (3d Cir.1991), the Third Circuit arrived at a similar conclusion:

> Therefore, the traditional discretion of the federal courts to decide whether to hear declaratory judgment cases is not limited by *Colorado River* and *Moses H. Cone,* but will be subject to the "liberal interpretation" to be accorded the Declaratory Judgment Act.

*Id.* at 1074 (quoting *Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc.,* 887 F.2d 1213, 1223 (3d Cir.1989)).

Based on all the above authority, the Court holds that the *Colorado River/Moses H. Cone* standard does not apply to declaratory judgment actions. Accordingly, the Supreme Court's decision in *Brillhart* provides the appropriate standard for determining whether to exercise jurisdiction over such actions.

### B. Application of the Standard

■ In applying the *Brillhart* standard, the factors listed by the Fifth Circuit in *Rowan* are a useful guide. These factors include: (1) whether there is a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, (2) whether the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, (3) whether there are possible inequities in permitting the plaintiff to gain precedence in time and forum, or (4) whether there is inconvenience to the parties or the witnesses. *Rowan,* 876 F.2d at 29.

■ As discussed below, application of these factors weighs in favor of declining jurisdiction. Accordingly, the Court will grant Ebanks' motion to dismiss Great Lakes' declaratory judgment action.

### 1. *Pending State Court Proceeding*

Ebanks argues that the pending proceeding in Florida State Court will necessarily resolve the issue of whether the parties en-

---

sion among various panels of the Fifth Circuit).

tered into an enforceable settlement agreement. Great Lakes does not contend otherwise. Indeed, Great Lakes will certainly raise the issue of the settlement agreement as an affirmative defense to Ebanks' claims in the state court action. *See Brillhart,* 316 U.S. at 495, 62 S.Ct. at 1176 (where Court directed inquiry into "nature of defenses" available in pending state court action). Also, the state court proceeding will fully resolve *all* issues between the parties rather than the limited issue of whether they reached a settlement agreement. Accordingly, this controversy "can be better settled in the proceeding pending in state court." *Id.*

### 2. *Race to the Courthouse/Forum Shopping*

Ebanks claims that Great Lakes filed this federal action in anticipation of his state court action for damages. Ebanks also claims that Great Lakes is 'forum shopping' by seeking to avoid a jury trial in Florida State Court. Great Lakes disputes this point. It claims that it filed the federal action because it had no other method by which to enforce the settlement agreement.

■ Indeed, "one equitable consideration is whether the declaratory judgment action was filed in apparent anticipation of the other pending proceeding." *Ven–Fuel,* 673 F.2d at 1195; *see also Perez v. Ledesma,* 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 694 n. 12, 27 L.Ed.2d 701 (1971) (Brennan, J., dissenting) ("The federal declaratory judgment is not a prize to the winner of a race to the court-houses...."). In considering this factor, however, it is not necessary for the evidence to establish conclusively forum shopping. The evidence should be sufficient to suggest such behavior. *General Star Indem. Co. v. Puckit, L.C.,* 818 F.Supp. 1526, 1533 (M.D.Fla.1993).

■ In this case, Great Lakes received a letter from an injured seaman's recently retained attorney stating that the latest settlement offer had been rejected. Two days after receiving this letter, Great Lakes filed its federal action. This sequence of events, while not sufficient to establish forum shopping, is sufficient to suggest that Great

Lakes filed this federal action in anticipation of another proceeding.

### 3. *Inequities*

■ Allowing Great Lakes' declaratory action to proceed in federal court is particularly inequitable in this case because of the 'saving to suitors clause.' 28 U.S.C. § 1333. Under this clause, an injured seaman is entitled to pursue remedies in state court. He is not confined to federal court.

Ebanks has chosen to bring his claims in state court. If Great Lakes' declaratory judgment action is allowed to proceed, Ebanks is effectively forced to litigate a portion of his state court claims in federal court, thereby defeating the purpose of the saving to suitors clause. Further, if the Court were to declare that the parties entered into an enforceable settlement agreement, Ebanks would be collaterally estopped from recovering in state court. As a result, his choice of forum has been made meaningless.

■ Another consideration in this case is 28 U.S.C. § 1445(a). Under this provision, a Jones Act claim filed in state court is not removable. *Aquafaith Shipping, Ltd. v. Jarillas,* 963 F.2d 806, 807 (5th Cir.1992). Accordingly, if Great Lakes is allowed to proceed in federal court with an action that may eventually destroy Ebanks' Jones Act claim, it has accomplished a "backdoor" removal.

For the above reasons, the Court finds it inequitable to allow Great Lakes to proceed with its declaratory judgment action in federal court. As one court has noted:

We believe that absent bad faith on the part of the defendant-employee in the federal court, a properly filed Jones Act suit requires dismissal of a declaratory judgment action which arises out of the same facts ... this result is mandated because of the nature of the Saving to Suitors Clause, and because of the possible preclusive effects maintaining such an action would have on a suitor's Jones Act case in another court.

*Belle Pass Towing Corp. v. Cheramie,* 763 F.Supp. 1348, 1355 (E.D.La.1991).

### 4. *Inconvenience*

Great Lakes, a New Jersey corporation, filed its federal action in the district closest to Ebanks' hometown of Woodbine, Georgia. Ebanks filed his state action in the circuit court of the Fifteenth Judicial Circuit of the State of Florida, for Palm Beach County, where the accident occurred. These forums appear to be equally convenient to the parties and witnesses.

### 5. *Conclusion*

Having found that most of the *Brillhart* considerations weigh in favor of declining jurisdiction over Great Lakes' declaratory judgment action, the Court GRANTS Ebanks' motion to dismiss Count I.

## II. *Motion to Stay Count II for Specific Performance*

 Count II of Great Lakes' complaint seeks specific performance of the settlement agreement. As noted above, Ebanks disputes the very existence of an enforceable settlement agreement. Accordingly, he asks that the Court stay Count II pending resolution of his state court action.

In support of this position, Ebanks relies on an unpublished decision from the Eastern District of Louisiana. *Trico Marine Operators, Inc. v. Scott*, No. Civ. A. 93–2853, 1993 WL 534087 (E.D.La. Dec. 14, 1993). In *Trico Marine*, the plaintiff employer, Trico Marine Operators, filed suit in federal court seeking (1) declaratory relief and (2) recovery of maintenance and cure payments previously paid to Defendant, Scott, an injured seaman. Scott filed the traditional three-part seaman's suit in Louisiana state court. He based his claims on (1) the Jones Act, (2) unseaworthiness, and (3) maintenance and cure. Scott also filed a motion to dismiss in the federal action.

After dismissing the declaratory action based on the *Rowan* factors, the court considered Trico Marine's second claim: recovery of maintenance and cure payments. The court decided to stay this claim pending the outcome of the state court suit:

> As to the complaint to recover maintenance and cure, this claim shall be stayed for statistical purposes pending the outcome of the state court suit to avoid conflicting determinations on liability. It makes no sense from the standpoint of economy to the parties and to the Court to litigate this claim in a different forum from the main issues of entitlement to maintenance and cure (an issue which must necessarily be decided prior to reaching a determination whether Trico is entitled to a refund), as well as entitlement to damages under a negligence or unseaworthiness theory.

*Id.* at *1.

Based on the above decision, notions of judicial economy, and policies of avoiding inconsistent judgments and piecemeal litigation, Ebanks requests the Court to stay Count II.

Great Lakes argues that a stay is tantamount to dismissal. *See Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. at 943 ("... a stay is as much a refusal to exercise federal jurisdiction as a dismissal."). It also claims that each count of its complaint should be considered separately, so that even if the Court dismisses Count I for declaratory relief, it must allow Count II for specific performance to go forward. In addition, Great Lakes contends that even if Count I for declaratory relief is not governed by the stringent *Colorado River/Moses H. Cone* standard, Count II for specific performance is indeed governed by this standard, for admiralty jurisdiction is not discretionary. Accordingly, Great Lakes argues that the Court cannot stay or dismiss Count II for specific performance unless there are "exceptional circumstances." *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244.

The Court cannot order specific performance of a settlement agreement without first declaring that an enforceable settlement agreement indeed exists. Thus, it is rather disingenuous to suggest that the Court must treat Great Lakes' claim for specific performance as completely separate from its claim for declaratory relief. Furthermore, it is not clear that the Court's discretion to entertain actions for specific performance is necessarily governed by the *Colorado River/Moses H. Cone* standard. The Fifth and Ninth Cir-

cuits have noted that "the purely remedial and equitable nature of declaratory judgments ... sets [them] outside the scope of *Cone.*" *Mission Insurance,* 706 F.2d at 601 n. 1; *see also Digregorio,* 811 F.2d at 1254 n. 4 (citing *Cone* for proposition that "the 'defensive' or 'reactive' nature of a federal declaratory judgment suit could be ground for abstention independent of the *Colorado River* exceptional circumstances analysis"). Such reasoning is equally applicable to actions for specific performance which are also "purely remedial and equitable" and sometimes "defensive" or "reactive." *Id.; see also Ford v. Citizens & Southern Nat. Bank,* 928 F.2d 1118, 1122 (11th Cir.1991) ("A claim for specific performance is an equitable action.").

Finally, it is beyond question that the Court has the power to order a stay: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

The Court finds it a senseless waste of judicial resources to entertain an action for specific performance when such action necessarily requires a declaratory judgment on an issue which will be decided during the course of a pending state court proceeding. Accordingly, the Court will grant Ebanks' motion to stay Count II pending resolution of his state court action.

### CONCLUSION

Ebanks' Motion to Dismiss Count I and Stay Count II is hereby **GRANTED.** Count I for declaratory judgment is **DISMISSED** and Count II is **STAYED** until Ebanks' pending action in the Circuit Court of the Fifteenth Judicial Circuit of the State of Florida, in and for Palm Beach County, Case No.: CL 94–6587 AF, has been finally resolved.

**SO ORDERED.**