**AMERICAN GENERAL FINANCE CENTER, Plaintiff,**

v.

**BALDWIN, et al., Defendants.**

**Civ. A. No. 95–D–880–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 30, 1995.

---

T. Thomas Cottingham, David A. Elliott, Francis A. Flowers, III, Robert H. Rutherford, Birmingham, AL, for plaintiff.

Thomas James Methvin, Montgomery, AL, for defendants.

## MEMORANDUM OPINION

De MENT, District Judge.

Before the court is the defendants Jerry T. Baldwin, Sr., Sherry A. Seals, Steve M. Taylor, Lee A. Comer, Leon Battle, Linda Appling, Marcus Parrish, Gwendolyn Parrish, Curtis Lawrence, Frank C. Conner, Mary Conner, Jerry Upshaw, Lue Simmons, Debbie Blakely, Bernice Conner, Daisy J. Rudolph, Lessie Glanton, Mary Glanton, Willie Johnson, Billy Woodham, James Jones, Edward Forte, Betty Forte, Jessie Avies, Ida Avies, James Person, Arthur Tolbert, Rosie Tolbert, Shirley King, Clarence Young and Gloria Young's motion filed July 25, 1995, to dismiss the above-styled case. The plaintiff, American General Finance Center (hereafter "American General"), responded in opposition on September 5, 1995. After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the defendants' motion is due to be granted.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure,* a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991); *see also Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

On a motion to dismiss for failure to state a claim upon which relief may be granted, the movant "sustains a very high burden." [1] *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986) (citing *Currie v. Cayman Resources Corp.,* 595 F.Supp. 1364, 1376 (N.D.Ga.1984)). The Court of Appeals for the Eleventh Circuit has held, "motions to dismiss for failure to state a claim should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims." *Jackam,* 800 F.2d at 1579 (quoting *Bracewell v. Nicholson Air Servs., Inc.,* 680 F.2d 103, 104 (11th Cir.1982)); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984).

The court also stresses that on a motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1) of the *Federal Rules of Civil Procedure,* the nonmoving party has the burden of showing that it properly invoked the court's jurisdiction. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).[2] In ruling on the motion, the court is to "consider the allegations of the complaint as true." *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

---

**1.** Rule 12(b)(6) of the *Federal Rules of Civil Procedure* permits a party to plead or move for dismissal of a complaint if that complaint fails to state a claim upon which relief may be granted.

**2.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

## PROCEDURAL FACTS AND HISTORY

This case is composed of a declaratory judgment action[3] seeking to resolve "the existing dispute between the parties as to whether this plaintiff can be held liable to the defendants for its acts in providing financing for their alleged purchase of television satellite receiver systems." Pl.'s Compl. at p. 8. The plaintiff, American General, also requests the court to "grant such other and further relief to which plaintiff may be entitled." *Id.*

The thirty-one defendants in this action are also plaintiffs in six separate actions filed in three separate state courts located in Alabama.[4] Def.'s Ex. A. American General was not a party to any of those suits on the day American General filed this declaratory judgment action. Thereafter, the state-court plaintiffs amended their complaints in five of the state-court actions to add American General as a defendant.

The state-court plaintiffs are suing American General and its dealers and alleged agents for state common law fraud. The state court complaints allege, among other things, that the satellite dish dealers and their employees acted as agents for American General and others and conspired to defraud the state-court plaintiffs. These lawsuits have been pending for several months. Essentially in this action, American General is asking for the court to decide whether they are liable to the state-court plaintiffs in the state court actions.

The defendants move the court to dismiss this declaratory judgment action on the following grounds: (1) American General's allegations are a compulsory counterclaim in the state court actions, (2) American General has failed to add indispensable parties to this federal action, and (3) the principles of judicial economy and comity dictate that this case should be dismissed. The court will only address the defendants' last contention as it is dispositive of the issue.

## DISCUSSION

### A. Standard for Hearing Declaratory Judgment Actions

In *Great Lakes Dredge & Dock Co. v. Ebanks,* 870 F.Supp. 1112 (S.D.Ga.1994), the court succinctly summarized the factors a court should consider when a party files a motion for a declaratory judgment in federal court when the same case is pending in state court. They are as follows:

1) whether there is a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, (2) whether the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, (3) whether there are possible inequities in permitting the plaintiff to gain precedence in time and forum, or (4) whether there is inconvenience to the parties or the witnesses.

*Id.* at 1117 (citing *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 29 (5th Cir.1989)). The *Ebanks* court found that the above factors were a useful guide to apply the standard set forth by the Supreme Court of the United States in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), in which the Court stated:

Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in the state court presenting the same issue, not governed by federal law, between the same parties. Gratuitous interference with the

---

3.  The Declaratory Judgment Act provides:
    In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
    28 U.S.C. § 2201(a).

4.  Four of these actions are pending in the Circuit Court of Bullock County, Alabama. One action is pending in the Circuit Court of Barbour County, Alabama. The remaining action is pending in the Circuit Court of Lowndes County, Alabama. The court notes that the state actions pending in Bullock and Barbour Counties are within the same state judicial circuit (3rd Circuit) and before the same state circuit judge.

orderly and comprehensive disposition of a state court litigation should be avoided. 316 U.S. at 495, 62 S.Ct. at 1175–76.[5] The Court went on to say that a federal district court is under no compulsion to exercise jurisdiction if the controversy might be settled more expeditiously in state court. *Id.* at 494, 62 S.Ct. at 1175.

### B. *Application of Brillhart Standard*

In application, the court emphasizes that this case is similar to *Ebanks*, and thus, the below analysis results in similar findings. First, the court stresses that American General "will certainly raise" the issue of agency to the defendants' claims in the state court actions. *See Ebanks*, 870 F.Supp. at 1118. Next, the court finds that the state court proceedings will "fully resolve *all* issues between the parties" rather than the limited issue of agency. *Id.* (emphasis in original). Furthermore, the issue of agency involves state law which a state court should decide. Accordingly, the court concludes that "this controversy 'can be better settled in the proceeding[s] in state court.'" *Id.* (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1176).

### CONCLUSION

For the foregoing reasons, the court finds that the above factors weigh in favor of declining jurisdiction. Accordingly, the court finds that the defendants' motion to dismiss this declaratory judgment action is due to be granted. A judgment in accordance with this memorandum opinion will be entered separately.

---

5. The *Ebanks* court analyzed Eleventh Circuit cases and found that the Eleventh Circuit applies the *Brillhart* standard, rather than the stringent *Colorado River/Moses H. Cone* standard, to declaratory judgment actions. *Ebanks*, 870 F.Supp. at 1116. Also, based on Eleventh Circuit authority, two federal district courts in the Eleventh Circuit, prior to *Ebanks*, have held that the *Colorado River/Moses H. Cone* standard does not apply to declaratory judgment actions. *See Ebanks*, 870 F.Supp. at 1116–17 (discussing *United States Fidelity & Guar. Co. v. Algernon–Blair, Inc.*, 705 F.Supp. 1507 (M.D.Ala.1988) and *General Star Indemnity Co. v. Puckit, L.C.*, 818 F.Supp. 1526, 1531 (M.D.Fla.1993) (adopting a *Brillhart* analysis)).