CANAL INSURANCE COMPANY,
Plaintiff,

v.

Charles MORGAN d/b/a Morgan Trucking and Charles Morgan, Individually, and on behalf of the Wrongful Death Beneficiaries of Cassandra LaShay Morgan and Delberco DeVonta Morgan, Deceased; Corrine Morgan, Individually and on Behalf of the Wrongful Death Beneficiaries of Cassandra LaShay Morgan and Delberco DeVonta Morgan, Deceased; Howard Clark, Jr., Natural Father, and one of the Heirs–at–Law of Delberco DeVonta Morgan, Deceased; and all unknown Wrongful Death Beneficiaries and, Heirs-at-law of Cassandra LaShay Morgan and Delberco DeVonta Morgan, Deceased; Chico Reed; James Davis; and Donald Johnson; all jointly and Severally, Defendants.

No. 3:96CV691LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 5, 1996.

John B. MacNeill, Joe S. Deaton, III, Heidelberg & Woodliff, Jackson, for Plaintiff.

Michael T. Jaques, Langston, Frazer, Sweet & Freese, Jackson, John Tyler Ball, Natchez, James R. Moore, Jr., James Franklin Noble, III, Copeland, Cook, Taylor & Bush, Jackson, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants Charles Morgan d/b/a Morgan Trucking, and Charles and Corrine Morgan, individually and on behalf of the wrongful death beneficiaries of Cassandra LaShay Morgan and Delberco DeVonta Morgan, deceased, to dismiss or, in the alternative, to stay proceedings on the ground that this declaratory judgment action is duplicative of an action currently pending in the Circuit Court of Jefferson County, Mississippi. Plaintiff Canal Insurance Company (Canal) has responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be granted.

This lawsuit arises out of a September 9, 1995 automobile accident in Fayette, Mississippi, located in Jefferson County, which claimed the lives of Cassandra LaShay Morgan and her unborn son, Delberco. There appears to be no dispute between the parties in this case that the accident was caused by the negligence of two uninsured and/or underinsured drivers, Chico Reed and James Davis. At the time of the accident, Cassandra Morgan's father, Charles Morgan, had in effect a policy of automobile insurance issued by Canal which covered four vehicles listed in the policy and which included uninsured motorist coverage of $10,000 per person and $20,000 per accident.

On August 21, 1996, approximately a year after the accident, Charles Morgan, individually and on behalf of the wrongful death beneficiaries of Cassandra and Delberco Morgan, filed suit in the Circuit Court of Jefferson County against the alleged tortfeasors, Davis and Reed, for their negligence in causing the accident and Cassandra's and Delberco's deaths, and against Canal and its agents, alleging negligence and breach of contract and seeking a declaration as to the amount of coverage available under the Morgan policy. Against Canal, Mr. Morgan alleged specifically that Cassandra, as a resident of his household, was an insured under his policy, and that Canal's policy, because Canal's agents had failed to disclose and explain to him the available options for uninsured motorist coverage limits, was required to be construed under Mississippi law as providing coverage limits of $1,000,000 per person per insured vehicle. Morgan therefore sought a declaration as to "the amount of uninsured/underinsured coverage available under the policy at issue."

After moving the state court for an extension of time within which to plead, Canal filed the present action in this court on September 17, 1996, seeking a declaratory judgment under 28 U.S.C. § 2201 that for claims arising from the deaths of Cassandra and Delberco Morgan, its potential liability under its policy is limited to $80,000, representing the policy's declared limits of $10,000 per person/$20,000 per accident, stacked for each of the four insured vehicles. Additionally, Canal prayed for specific performance of an agreement alleged to have been entered with the Morgans, through their counsel, by which they would settle their claim against Canal for $80,000. Canal tendered into the court's registry the $80,000 claimed to be its policy limits and the amount of the alleged settlement.

Citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), the Morgans urge the court to dismiss this action, or to at least stay this case, based on the existence of the parallel proceeding currently pending in the Jefferson County Circuit Court. Canal, however, disputes that either a dismissal or stay is appropriate, arguing primarily that it would be unfair to deprive it of this federal forum since the Morgans, through their attorney, effectively

duped Canal into not initiating a federal declaratory judgment suit by misrepresenting, over a period of months, that he considered the case settled for $80,000. Canal, which maintains that it would have filed this suit months earlier had it not been for the Morgans' deceit, asserts that the very purpose of such deception by the Morgans was to buy them time to file a preemptive suit in Jefferson County against Canal. Canal further insists that it would be more efficient and economical to try the insurance coverage issues in this forum rather than in the state court case, which, it submits, is primarily an action in tort against Reed and Davis for the underlying accident.

In *Wilton*, upon which defendants' motion is premised, the Court explained that the federal courts are not required to, but rather have the discretion to decide whether to exercise jurisdiction over cases brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. *Wilton*, 515 U.S. at ––––––, 115 S.Ct. at 2140–41, 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction ... any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration."). That is, even in cases where subject matter jurisdiction is established, the federal courts have no obligation to entertain actions for declaratory relief. *Id.* The court further determined in *Wilton* that a district court's decision whether to abstain from deciding a declaratory judgment action is governed by the standard enunciated in *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), rather than the more restrictive "exceptional circumstances" test set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The Court in *Wilton*, drawing from *Brillhart*, explained that the existence of a parallel state court proceeding in which the issues presented might be better resolved militates against a federal court's exercise of its jurisdiction over a declaratory judgment action, because,

"[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *[Brillhart]*, at 495, 62 S.Ct., at 1175–76. The question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Ibid.*

. . .

[I]n deciding whether to enter a stay, a district court should examine "the scope of the pending state court proceeding and the nature of defenses open there." *Ibid.* This inquiry, in turn, entails consideration of "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Ibid.* ... *Brillhart* indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in "[g]ratuitous interference," *ibid.*, if it permitted the declaratory judgment action to proceed.

*Wilton*, 515 U.S. at ––––––, 115 S.Ct. at 2140–41 (quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175–76).

■ All parties to this proceeding are also parties to the state court case. Furthermore, it is apparent to the court, Canal's protestations notwithstanding, that the claims and issues appearing in this lawsuit, none of which is governed by federal law, are presented in and can be resolved in the state court suit. This, then, is a suit in which "the claims of all parties in interest can satisfactorily be adjudicated in [the state court] proceeding." *Id.*[1] Consistent with *Brillhart*, a

---

1. Although Canal believes that it would be inefficient and potentially confusing to have the insur-

ance coverage issues considered in the context of what is primarily a wrongful death suit against

federal suit for declaratory judgment meeting that standard would be best dismissed or stayed. However, Canal submits that since this suit is not a pure declaratory judgment action but also encompasses a claim for specific enforcement of an alleged settlement agreement, then instead of *Brillhart*, the proper abstention analysis is that established by *Colorado River/Moses H. Cone*, under which the district court's discretion to abstain is "narrowly circumscribed." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir.1994) (quoting *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246) (*Colorado River/Moses H. Cone* abstention allows district courts to decline their "virtually unflagging obligation ... to exercise the jurisdiction given them" only in the "exceptional case"). The court, however, has considered Canal's argument and concludes that the proper standard in this case is that prescribed by *Brillhart*.

In *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 949 (5th Cir. 1994), the plaintiff sued in federal court to collect on a contract and to seek a determination of its rights as a lienholder and possible beneficiary of an insurance policy. The district court found abstention was appropriate under *Brillhart* because of ongoing state litigation involving the same subject matter, issues, and essentially the same parties. *Id.* The Fifth Circuit reversed, finding that the district court had "mistakenly characteriz[ed] [the case] as a declaratory judgment action," and thus had applied the wrong abstention standard. The court determined that,

> [a]lthough some of the relief sought by [the plaintiff] was declaratory in nature, [the plaintiff] also request[ed] coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief. Inclusion of these coercive remedies indisputably removes this suit from the ambit of a declaratory judgment action.

*Id.* at 951. Therefore, the court remanded the case to the district court so that it could decide "whether abstention [was] warranted in light of the appropriate standards of *Colorado River* and *Moses H. Cone.*" *Id.*[2]

In the case at bar, in addition to its claim for a declaratory judgment on the issue of the limits of coverage under its policy, Canal also purports to seek enforcement of an alleged settlement agreement with the Morgans. However, in the court's opinion, this additional claim is in effect no different from a request for a declaratory adjudication that the Morgans have settled their claim so that they cannot proceed against Canal for additional monies under the policy. It is not a "coercive" claim as contemplated by *Southwind*, but is more in the nature of a defensive claim. *Great Lakes Dredge and Dock Co. v. Ebanks*, 870 F.Supp. 1112, 1119–20 (S.D.Ga.1994) (describing actions for specific performance as "'purely remedial and equitable' and sometimes 'defensive' or 'reactive'," and observing that "[t]he court cannot order specific performance of a settlement agreement without first declaring that an enforceable settlement agreement indeed exists."); *cf. Hurst v. Regis Low Ltd.*, 878 F.Supp. 981, 985 (S.D.Tex.1995) (under *Southwind*, where plaintiff, in addition to seeking declaration of rights, sought coercive relief consisting of damages for breach of insurance contract, attorney's fees and prejudgment interest, traditional *Colorado River* factors applied to request for abstention).[3]

The court is unpersuaded by Canal's further argument that this court should decline

---

the uninsured/underinsured drivers, the state court could choose to address the coverage issues, which clearly are presented in and can be decided in the state court case, separately from the tort claims in the suit, which would be no less efficient than having those claims decided in an altogether different lawsuit in a different forum.

**2.** Whereas the Fifth Circuit in *Southwind* found *Brillhart* applicable only to pure declaratory judgment actions, at least one court has applied *Brillhart* to a declaratory judgment *claim* in a suit which sought further and different relief.

*See National Union Fire Ins. Co. of Pittsburgh v. Coric*, 924 F.Supp. 373 (N.D.N.Y.1996) (finding that *Wilton/Brillhart*, which undoubtedly applies a discretionary abstention standard to "pure" declaratory judgment *actions*, is "no less relevant to a declaratory judgment claim brought as part of an interpleader action").

**3.** The court notes that although Canal apparently has not yet answered the state court complaint, Canal can, and no doubt will assert the alleged settlement agreement as an affirmative defense in the state court action.

defendants' request for abstention because deceitful tactics alleged to have been practiced upon it by the Morgans' attorney (and specifically his having led Canal to believe that the case was settled) was the sole reason for Canal's not having instituted this federal declaratory judgment action *before* plaintiffs filed their suit in state court. First, it is noted that from the record, it appears that for approximately a week before the state court suit was filed, Canal was on notice that the defendants intended to file such a suit. Thus, Canal did have an opportunity to be the first to file. In any event, though, the court does not base its decision to dismiss this suit in favor of the state court case on the fact that the state court case was the first filed. *See Great Lakes Dredge and Dock Co. v. Ebanks,* 870 F.Supp. 1112, 1118 (S.D.Ga.1994) (quoting *Perez v. Ledesma,* 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 694 n. 12, 27 L.Ed.2d 701 (1971) (Brennan, Jr., dissenting)) ("The federal declaratory judgment is not a prize to the winner of a race to the courthouses . . . ."); *see also B.J. Servs., Inc. v. Jackson,* 1996 WL 554640 (E.D.La.1996) (federal declaratory judgment action dismissed under *Wilton* even though filed before the state court lawsuit).

For the foregoing reasons, it is ordered that defendants' motion to dismiss is granted.